# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH ROSE SMITH, | Case No. 1:19-cv-00571-SAB |
| Plaintiff, | ORDER APPOINTING SHANE E. SMITH GUARDIAN AD LITEM FOR PLAINTIFF ELIZABETH ROSE SMITH |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF No. 19) |
| Defendant. | |

On May 1, 2019, a complaint was filed by Elizabeth Rose Smith ("Plaintiff") seeking review of a final decision of the Commissioner of Social Security. (ECF No. 1.) Upon review of the administrative record, the Court found the record indicated the Plaintiff was a minor. Therefore, on February 28, 2020, the Court ordered Plaintiff to either file evidence that a representative had been appointed under state law, or file a motion for appointment of a guardian ad litem. (ECF No. 18.) On March 13, 2020, Plaintiff filed a petition to appoint Shane E. Smith as guardian ad litem for Plaintiff. (ECF No. 19.)

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The

appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." Id. A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015). This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. Id. (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." Gonzalez v. Reno, 86 F.Supp.2d 1167, 1185 (S.D. Fla.), aff'd sub nom. Gonzalez v. Reno, 212 F.3d 1338 (11th Cir. 2000). While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict. Anthem Life Ins. Co. v. Olguin, No. 1:06-CV-01165 AWINEW, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007). Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. Id., at *2.

The Court has considered the petition and declaration of Shane E. Smith for appointment as guardian ad litem for Elizabeth Rose Smith, Plaintiff in this action, and finds that no conflict that would preclude him serving as a guardian ad litem for Plaintiff. (ECF No. 19.) The filing indicates Plaintiff is the daughter of Shane E. Smith, is in his custody, and lives with him. (Id.)

Accordingly, IT IS HEREBY ORDERED that SHANE E. SMITH is appointed guardian ad litem for minor Plaintiff Elizabeth Rose Smith.

IT IS SO ORDERED.

Dated: **March 13, 2020**

UNITED STATES MAGISTRATE JUDGE

2